*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 1, 2022

Plaintiff-Appellee,

v

No. 353821
Kent Circuit Court
LC No. 19-003606-FC

JAMAR TERRELLE PURDLE,

Defendant-Appellant.

Before: CAMERON, P.J., and M. J. KELLY and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur in affirming defendant's convictions for the reasons set forth in the majority opinion. I also concur as to sentencing, but only because I am bound by the decision of this Court in *People v Posey*, 334 Mich App 338; 964 NW2d 862 (2020), which held that sentences within the guidelines range may not be challenged on proportionality grounds unless in the context of a constitutional claim.[1] *Posey* is now before the Michigan Supreme Court, which has scheduled oral argument on the application.[2] Should that decision be reversed and defendant's case remanded to us, I would grant resentencing in light of two circumstances.

First, the guidelines of 650 months to 1050 months provides a minimum sentencing range so broad, i.e., 61 years, that it provides no meaningful guidance to the sentencing court. The guidelines are intended to be advisory but it is difficult to discern how a range of more than six decades provides any advice or guidance to the sentencing court other than that it may impose any sentence without concern for appellate review. And to hold that any sentence within a 61-year range is appeal-proof runs counter to the foundational cases defining appellate review of sentences.

---

[1] I also agree with the majority that defendant's sentence does not constitute cruel or unusual punishment.

[2] *People v Posey*, ___ Mich ___; 964 NW2d 362 (2021).

See *People v Coles*, 417 Mich 523; 339 NW2d 440 (1983); *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015); *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017).

Second, the minimum sentence of 58 years largely eliminates any realistic possibility of parole within the defendant's lifetime.[3] Per *People v Merriweather*, 447 Mich 799; 527 NW2d 460 (1994), that does not necessarily render the sentence improper. However, given the defendant's age, 31, I would conclude that a proportional sentence requires a *realistic* and not merely a theoretical chance of parole review at some point—even if only decades hence. For a prisoner to live to 89 is extremely rare and rarer the longer the person has been imprisoned.[4]

In light of the decision in *Posey*, I must concur in denying defendant sentence review, but if that case is reversed by the Supreme Court and this case remanded to us, I would grant a resentencing.

/s/ Douglas B. Shapiro

---

[3] The guidelines provide for a minimum term as high as 90 years, a sentence which would prevent even a theoretical chance of parole.

[4] As of 2019, less than one percent of Michigan's prison population was older than 80 years. <https://www.safeandjustmi.org/2019/08/06/a-snapshot-of-michigans-prison-population/> (accessed January 26, 2022). The United States Sentencing Commission defines a life sentence as 470 months (or just over 39 years) to reflect the average life expectancy of federal criminal offenders. <https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/quarterly-sentencing-updates/USSC_2012_Quarter_Report_Final.pdf> (accessed January 26, 2022).